# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO LEMUS MAGANA, | 1:10-CV-02215 AWI GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MATTHEW CATE, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on January 23, 2009, of possession of methamphetamine for sale (Cal. Health & Saf. Code § 11378) and possession of marijuana for sale (Cal. Health & Saf. Code § 11359). He was sentenced to serve a determinate term of 8 years and four months in state prison.

Petitioner filed a timely notice of appeal. On October 23, 2009, the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), affirmed Petitioner's judgment in a reasoned decision. (See Resp't's Answer, Ex. 1.) Petitioner then filed a petition for review in the

---

[1]This information is derived from the petition and answer.

1

California Supreme Court. The petition was summarily denied on January 13, 2010. (See Petition at 3.)

Petitioner also filed a petition for writ of habeas corpus in the California Supreme Court. The petition was denied with citation to In re Waltreus, 62 Cal.2d 218 (1965) and People v. Duvall, 9 Cal.4th 464, 474 (1995). (See Petition at 4.)

On November 30, 2010, Petitioner filed the instant federal habeas petition. He presents the following two claims for relief: 1) He claims his conviction violates the double jeopardy clause of the Constitution because the state statute is so vague and standardless as to make it unclear as to the conduct it prohibits; 2) He alleges he was denied the effective assistance of appellate counsel. On March 11, 2011, Respondent filed an answer to the petition. On May 24, 2011, Petitioner filed a traverse.

**STATEMENT OF FACTS[2]**

On June 21, 2008, Hanford police officer Stephanie Reese went to the house at 940 Ambassador in Hanford to investigate a report of vandalism in progress. There, Officer Reese saw that a window screen had been removed from a window, a screen door was open, and "water [was] pouring from the garage and the backyard area." Officer Reese went to the front door, the door opened, and she saw appellant inside; his clothes were wet and he was carrying a box containing jewelry. The officer ordered appellant to the ground but he tried to close the door. The officer drew her taser, and again ordered appellant to the ground. He complied, and Officer Reese handcuffed him, at which point Officer Dale Williams arrived.

Appellant stated he lived in the house, and gave his consent to a search of his person. In one of appellant's pockets, Officer Williams found a small plastic bindle, and in another pocket he found a baggie and some foil wrapped "like the size of a burrito." The bindle, baggie and foil contained, respectively, what was later determined to be 1.9 grams of marijuana, 23.2 grams of marijuana, and 86.8 grams of a substance containing methamphetamine. Officer Williams also found in one of appellant's pockets a wallet containing $1,327 in currency.

Officers thereafter searched the house and found the following: in the master bedroom, two baggies, each containing a substance containing a white crystalline substance, weighing, respectively, 2.1 grams and 110.1 grams, and, in another bedroom, four plastic bags, each containing what appeared to be methamphetamine, weighting, respectively, 70.7 grams, 69.6 grams, 33.2 grams and 24.1 grams. Chemical tests of the two largest quantities of suspected contraband were conducted. These tests revealed that the substance in each of these bags contained methamphetamine.

Officers also found a digital scale and 73.4 grams of MSM, a substance that is

---

[2] The Fifth DCA's summary of the facts in its October 23, 2009, opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Thus, the Court adopts the factual recitations set forth by the Fifth DCA.

used    as a cutting agent in preparing methamphetamine for sale.

An officer opined that both the methamphetamine and marijuana found in the house were possessed for purposes of sale.

(See Resp't's Answer, Ex. 1.)

## DISCUSSION

I.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of Kings County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II.  Standard of Review

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); <u>Lockyer</u>, 538 U.S. at 70-71; <u>Williams</u>, 529 U.S. at 413.

     As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Lockyer</u>, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Id.</u>, *quoting* <u>Williams</u>, 592 U.S. at 412; <u>see also</u> <u>Harrington v. Richter</u>, __ U.S. __, 131 S.Ct. 770, 785 (2011). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." <u>Lockyer</u>, 538 U.S. at 71.

     Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." <u>Lockyer</u>, 538 U.S. at 72, *quoting*, 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.

     "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id</u>. at 411; <u>see also</u> <u>Harrington</u>, 131 S.Ct. at 785. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." <u>Williams</u>, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." <u>Harrington</u>, 131 S.Ct. at 786, *quoting*,

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Further, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. __, __, 129 S.Ct. 1411, 1413-14 (2009). "Under 2254(d), a habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of [the Supreme] Court." Harrington, 131 S.Ct. at 786. Only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may the writ issue. Id.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

III.   Review of Claims

    A.   Double Jeopardy

In his first ground for relief, Petitioner claims his conviction violates the Double Jeopardy Clause of the Constitution because Cal. Penal Code § 654 is impermissibly vague. He claims the statute is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits. Respondent correctly argues that habeas relief is unavailable for Petitioner's facial

5

challenge to the statute.

Petitioner presented this claim by habeas petition. The Supreme Court summarily rejected the claim. (See Attachments to Petition.) Normally, when the California Supreme Court's opinion is summary in nature, the Court must "look through" that decision to a court below that has issued a reasoned opinion. Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3 (1991). In this case, the claim was not presented to a lower state court prior to the California Supreme Court; therefore, there is no reasoned state court decision to review. In such a case, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770, 784, 2011 WL 148587 (2011). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 786. Federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id., *quoting*, Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

In a confusing claim, Petitioner contends Cal. Penal Code § 654 violates the Double Jeopardy Clause because it is impermissibly vague. Cal. Penal Code § 654(a) provides, in relevant part:

> An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision.

Section 654 is anything but violative of the Double Jeopardy Clause of the Constitution; on the contrary, it ensures that double punishment is proscribed. Indeed it goes further than the Double Jeopardy Clause in its protections.

As to the assertion that Cal. Penal Code § 654 is unconstitutionally vague, Petitioner's argument is without merit. "[V]ague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute."

United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198 (1979).  Unless First Amendment freedoms are implicated "a vagueness challenge may not rest on arguments that the law is vague in its hypothetical applications, but must show that the law is vague as applied to the facts of the case at hand. The test for vagueness is whether the provision fails to give a person of ordinary intelligence fair notice that it would apply to the conduct contemplated." United States v. Johnson, 130 F.3d 1352 (9th Cir.1997) (citations omitted).  The statute at issue does not proscribe certain conduct and set forth consequences resulting from its violation; rather, as noted above it serves to ensure that individuals are not doubly punished.

      Nevertheless, Petitioner argues that the application of the statute is inconsistent, and he points to the case of In re Adams, 14 Cal.3d 629 (1975), in support.  In Adams, the California Supreme Court considered whether Cal. Penal Code § 654 applies to the simultaneous transportation of different kinds of illegal narcotics and drugs.  Id.  It concluded that where different kinds of drugs are simultaneously transported in one, indivisible transaction, with the single intent and objective of delivering them to another person, only one act of illegal transportation occurs.  Id. at 632.  Petitioner complains that in his case, he should likewise have been found guilty of only one offense of possession of narcotics for sale, rather than separate offenses of possession of marijuana for sale and possession of methamphetamine for sale. Adams is distinguishable, however.  In Adams, the defendant's sole act was to move a large quantity of drugs from one location to another, and all of the drugs were to be delivered to one recipient. Id. Adams does not deal with a case such as this where a defendant has been found to possess multiple illegal drugs with the intent to sell to a presumptively large number of buyers. On direct appeal, the Fifth DCA concluded that Petitioner's case was akin to People v. Monarrez, 66 Cal.App.4th 710, 714 (1998), wherein the court found that simultaneous possession of drugs made no difference; rather, the court determined multiple punishments were warranted based on the evidence that the defendant had been engaged in multiple sales and intended to make multiple sales of the narcotics he possessed. Similarly here, the state court determined that the evidence showed Petitioner harbored multiple criminal objectives with respect to the different narcotics he possessed.  The factual findings of the state court are presumed correct, and Petitioner offers

nothing to overcome this presumption.  See 28 U.S.C. § 2254(e)(1).  Petitioner's vagueness challenge must therefore fail.

In his traverse, Petitioner attempts to raise a new claim by asserting his convictions for possession of marijuana for sale and possession of methamphetamine for sale violate the double jeopardy clause.  This claim is not properly before this Court insomuch as "[a] Traverse is not the proper pleading to raise additional grounds for relief." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994).  In any case, the claim is devoid of merit.

The Fifth Amendment's Double Jeopardy Clause prevents multiple or successive prosecutions for the same offense.  The Supreme Court set forth a generally applicable test in Blockburger v. United States, 284 U.S. 299 (1932), to determine whether two statutory provisions prohibit the same offense. The Blockburger test, as it has become known, states: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304.  In this case, it is clear Petitioner's convictions do not violate the Double Jeopardy Clause, since the first conviction requires proof of the possession of the narcotic marijuana, while the second conviction requires proof of possession of the narcotic methamphetamine.  The two offenses are therefore distinct under the Blockburger test.

Petitioner fails to show that the state court determination of his claim was contrary to or an unreasonable application of clearly established federal law. This claim should be denied.

B.   Ineffective Assistance of Appellate Counsel

Petitioner claims he received ineffective assistance from appellate counsel because his appellate counsel failed to challenge the search of Petitioner's home under the Fourth Amendment to the Constitution.

As with his first claim, this claim was presented by habeas petition to the California Supreme Court where it was summarily rejected. (See Attachments to Petition.) Since there is no reasoned state court decision to review, Petitioner must demonstrate that "there was no reasonable basis for the state court to deny relief." Harrington, 131 S.Ct. 770.

1      Claims of ineffective assistance of appellate counsel are reviewed according to
2 Strickland's two-pronged test.  See Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United
3 States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986).  A defendant must therefore show that
4 counsel's advice fell below an objective standard of reasonableness and that there is a reasonable
5 probability that, but for counsel's unprofessional errors, defendant would have prevailed on
6 appeal.  Miller, 882 F.2d at 1434 & n. 9, *citing* Strickland, 466 U.S. at 688, 694.  However,
7 appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested
8 by defendant.  Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Miller, 882 F.2d at 1434 n. 10.
9 The weeding out of weaker issues is widely recognized as one of the hallmarks of effective
10 appellate advocacy.  Miller, 882 F.2d at 1434 (footnote and citations omitted).  As a result,
11 appellate counsel will frequently remain above an objective standard of competence and have
12 caused her client no prejudice for the same reason--because she declined to raise a weak issue.
13 Id.
14      In this case, Petitioner fails to demonstrate that appellate counsel's assistance was
15 objectively unreasonable.  He argues that appellate counsel should have challenged the search of
16 his residence as unconstitutional.  However, Petitioner concedes he gave officers permission to
17 search his residence.  Therefore, any challenge to the search of his residence would have been
18 weak at best.  Counsel's decision not to raise this argument cannot be deemed unreasonable.
19 Moreover, Petitioner cannot demonstrate prejudice, for even if appellate counsel had raised the
20 issue, there is no likelihood the claim would have been successful.  Petitioner's claim is without
21 merit and should be denied.

**RECOMMENDATION**

23      Accordingly, the Court HEREBY RECOMMENDS that this action be DENIED WITH
24 PREJUDICE.
25      This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,
26 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and
27 Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
28 California.  Within thirty (30) days after service of the Findings and Recommendation, any party

may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 7, 2011**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE